IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**PERCELL WASHINGTON WILLIAMS,**

    Petitioner

v.                                                                       Civil No. **3:17CV98**

**HAROLD W. CLARKE,**

    Petitioner.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, filed a 28 U.S.C. § 2254 petition ("§ 2254 Petition," ECF No. 1). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Petitioner states that he has filed neither an appeal nor any other challenge to his state conviction to the Supreme Court of Virginia (*see* § 2254 Pet. ¶¶ 8–10), nor previously raised the claims within his § 2254 Petition to the Virginia courts. (*Id.* at 5–11 (as paginated by CM/ECF).) Thus, the record fails to indicate that Petitioner has properly exhausted his state court remedies with respect to his claims.

By Memorandum Order entered on March 3, 2017, the Court directed Petitioner within eleven (11) days of the date of entry thereof to show cause why the present § 2254 Petition should not be dismissed without prejudice for lack of exhaustion. The Court warned Petitioner that the failure to comply with the Court's directive would result in summary dismissal of the action. .

More than eleven (11) days have elapsed since the entry of the March 3, 2017 Memorandum Order and Petitioner has not responded. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 4/11/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge